United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LEVERN PENNY, Plaintiff, v. SANTA RITA COUNTY JAIL, Defendant. | Case No. 18-cv-05327-EMC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Docket Nos. 1, 7, 11 |

## I.     INTRODUCTION

Louis Levern Penny, an inmate at the Santa Rita Jail in Alameda County, filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, he alleges that he lost his scooter when he was arrested and that he could not figure out how to make a call from the jail. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## II.     DISCUSSION

A.    Review of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint does not provide sufficient information for the Court to determine that a claim for relief is stated. The complaint has very few details and instead invites the reader to look through about fifty pages of exhibits to find out further information about Mr. Penny's claims. Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).[1] A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Mr. Penny's complaint does not allege facts sufficient to plausibly show the violation of a right secured by the Constitution or laws of the United States by any Defendant.

Leave to amend is granted so that Mr. Penny may file an amended complaint that proffers enough facts to state a claim for relief that is plausible on its face. Mr. Penny is cautioned that he must provide a full statement of his claims in his amended complaint. The Court will not read through exhibits to the complaint or amended complaint to piece together a claim for a plaintiff.

In his amended complaint, Mr. Penny must allege facts showing his entitlement to relief from each and every defendant who he proposes to hold liable on the claim. Mr. Penny may name as defendants those individuals whose acts or omissions caused the violation of his rights under the Constitution or laws of the United States. He must be careful to allege facts showing the basis

---

[1] This requirement that the pleader allege enough facts to state a claim to relief that is plausible on its face stems from the rule that a complaint must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).

2

for liability for each individual defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

The only named defendant is Santa Rita County Jail. That is not a proper defendant because it is a place rather than a legal entity. The legal entity that apparently operates the jail is Alameda County. In any event, Mr. Penny cannot hold the legal entity liable simply because it employs the individual wrongdoers. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012).

Local governments, such as Alameda County, are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself, and these facts must plausibly suggest that the plaintiff is entitled to relief. *See AE v. County of Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012). It is not sufficient to merely allege that a policy, custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom or practice. *See id.* at 636-68. If Mr. Penny wants to allege a *Monell* claim against a municipal entity, he must be careful to allege the specific policy, custom or practices of each municipal entity

3

that he contends give rise to liability.

B. <u>Miscellaneous Matters</u>

Mr. Penny's request for an evidentiary hearing is **DENIED**. Docket No. 7. There is no need for a hearing in this action at this time. Mr. Penny is now informed that the Court typically does not hold hearings in cases in which one of the litigants is incarcerated and instead decides most matters based on the parties' written submissions. For this reason, it is especially important that Mr. Penny takes the time to write a clear explanation of his claims in his amended complaint and to write clearly in any other document he files in this action.

Mr. Penny has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present at this time because Mr. Penny has not yet submitted a pleading that states a claim, let alone shows any likelihood of success on the merits. Mr. Penny's request for appointment of counsel to represent him in this action is **DENIED**. Docket No. 11.

### III. CONCLUSION

For the foregoing reasons, the complaint is dismissed for failure to state a claim upon which relief may be granted. Leave to amend is granted so that Mr. Penny may attempt to allege one or more claims in an amended complaint. The amended complaint must be filed no later than **January 18, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Penny is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be

4

waived if not repled.")  Failure to file the amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: December 21, 2018

                                                EDWARD M. CHEN
                                                United States District Judge