UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS LEVERN PENNY,<br>　　Plaintiff,<br>　　v.<br>SANTA RITA COUNTY JAIL,<br>　　Defendant. | Case No. 18-cv-05327-EMC<br><br>**ORDER**<br>Docket Nos. 20, 21 |

Plaintiff has filed a third motion for the appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). The record before the Court shows that Mr. Penny has some mental health problems. *See* Docket No. 20 at 5-12 (evaluations from two psychologists who opined eight months ago that Mr. Penny was not competent to stand trial). He apparently was sent to a state hospital for restoration of his competency to stand trial and, last month, was returned to the county jail – signaling that he has been restored to competency to stand trial. *See* Docket Nos. 23, 24. Despite his mental health problems, Mr. Penny's filings in this action do not reflect confused thinking or an inability to articulate his legal position. There does not appear to be a likelihood of success because there is no pleading on file that states a claim for relief and his filings so far indicate that the nub of his grievance is that he was unable to figure out how to use the pay phone system at the jail – a claim that appears to have

1  little chance of success.  For these reasons, the Court concludes that exceptional circumstances are
2  not present and **DENIES** the third motion for appointment of counsel.  Docket No. 20.  Mr. Penny
3  should not file any more motions for appointment of counsel in this action.
4  Plaintiff's request for an extension of the deadline to file his second amended complaint is
5  **GRANTED**.  Docket No. 21.  Plaintiff must file his second amended complaint no later than
6  **April 10, 2020**.  *No further extensions of this deadline should be expected*.  Failure to file the
7  second amended complaint by the deadline will result in the dismissal of the action.

**IT IS SO ORDERED**.

Dated: March 10, 2020

_____
EDWARD M. CHEN
United States District Judge