1
2
3
4   UNITED STATES DISTRICT COURT
5   NORTHERN DISTRICT OF CALIFORNIA
6
7   LOUIS LEVERN PENNY,                     Case No. 18-cv-05327-EMC
8           Plaintiff,
9       v.                                  **ORDER OF DISMISSAL**
10  SANTA RITA COUNTY JAIL, et al.,
11          Defendants.
12
13
14      Louis Levern Penny, an inmate at the Santa Rita Jail in Alameda County, filed this *pro se*
15  civil rights action under 42 U.S.C. § 1983, complaining about impediments to telephone access
16  after his arrest. The Court reviewed the original complaint and dismissed it with leave to amend.
17  Mr. Penny then filed an amended complaint that the Court also dismissed with further leave to
18  amend. Mr. Penny next filed a second amended complaint. The court reviewed the second
19  amended complaint, determined that it stated a claim only against one defendant, and ordered Mr.
20  Penny to provide the true name of that defendant who was listed only as John Doe so that he could
21  be served with process. Docket No. 29. In that order filed on October 27, 2020, the Court
22  explained:

> Mr. Penny must promptly take steps to discover Deputy John Doe's true name and provide that information to the court in an amendment to his second amended complaint so that the person may be served with process. To learn the name of the deputy, Mr. Penny might, for example, obtain a copy of the booking report that might have the deputy's name on it, or write to jail officials to ask if they have the name of deputy John Doe. The burden remains on Mr. Penny; the Court will not undertake to investigate the name and identity of an unnamed defendant.

Docket No. 29 at 6. The Court ordered Mr. Penny to provide the true name by December 18, 2020, or face dismissal without prejudice. Mr. Penny later requested and received an extension of the deadline and was ordered to "provide the true name of the John Doe defendant no later than April 23, 2021, or this action will be dismissed. The deadline will not be further extended." Docket No. 35 at 2.

Mr. Penny has not provided a true name for the John Doe defendant and the deadline by which to do so has passed. The action has been pending more than 32 months without Mr. Penny being able to provide the true name of the only defendant against whom a claim is stated. Because Mr. Penny cannot find a true name for that defendant, service of process cannot occur and the action cannot go forward. There is no reason for the action to remain pending there is no prospect that the name of the John Doe defendant will be learned. The action therefore is DISMISSED for failure to provide a true name for the John Doe defendant so that he could be served with process. *See* Fed. R. Civ. P 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). The dismissal is without prejudice to Mr. Penny filing a new action against the defendant if he ever learns his true name.

**IT IS SO ORDERED**.

Dated: May 11, 2021

_____
EDWARD M. CHEN
United States District Judge